UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL CUNNINGHAM,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>WARDEN BREITENBACH, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:25-cv-00317-ART-CSD<br><br>ORDER |

Petitioner Daniel Cunningham, a *pro se* Nevada prisoner, commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1) as well as an Application for Leave to Proceed *In Forma Pauperis* (("IFP") ECF Nos. 1, 3). After initial review under the Rules Governing 2254 Cases, the Court dismisses the petition without prejudice and denies Cunningham's IFP Application.

I. **IFP Application**

A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees. The Court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates indigency. 28 U.S.C. § 1915; LSR 1-1, 1-2. Although Cunningham submitted the required form, the supporting documents show he is able to pay the $5 filing fee. Thus, he does not qualify for a fee waiver. The Court therefore denies the IFP application.

II. **Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous,

vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998).

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds,* 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id.* at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell,* 599 F.2d 890, 891-92 (9th Cir. 1979)).

Cunningham alleges violations of his 14th Amendment rights asserting that he has requested and been denied employment preventing him from earning work time credits. ECF No. 1-1 at 6. His allegations are in the nature of prisoner civil rights claims. If he were to succeed on this claim, it would only mean that his conditions of confinement would change. Because success on Cunningham's claim would not lead to his immediate or speedier release, it does not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

The Court declines to recharacterize Cunningham's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles,* 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights

cases and because it is not clear whether recharacterization would disadvantage Cunningham. The Court therefore dismisses the petition without prejudice and instructs the Clerk of the Court to send Cunningham the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

### III.   Conclusion

It is therefore ordered that Petitioner Daniel Cunningham's Application for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 3) is denied.

It is further ordered that Petitioner Daniel Cunningham's Petition for Writ of Habeas Corpus (ECF No. 1-1) is denied and this action is dismissed without prejudice.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court will send to Cunningham (1) a copy of this order; and (2) the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED THIS 1st day of August, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE